UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : Case No. 25-CR-048 (AHA) |
| | : |
| **v.** | : |
| | : |
| **PAUL MICKENS,** | : |
| | : |
| **Defendant.** | : |
| | : |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S REPLY MOTION ECF # 32[1]**

In statements in his Reply Motion ECF # 32, the defendant falsely alleges, inadvertently or intentionally, and makes misstatements of the record and the government's previously extensive oppositions and testimony at the motion to suppress hearing. Specifically, counsel for the defendant alleges that: 1) the government's supplemental brief does not address the numerous factors set forth in Mr. Mickens brief which support a finding that the government failed to meet its burden to demonstrate that the canine search was reliable. 2) Similarly, the government does not dispute the evidence demonstrating that the police seized the car prior to the dog-sniff or meet its burden to demonstrate that the warrantless seizure of the car was supported by an exception to the Fourth Amendment. 3) In addition, the government simply ignores the false testimony by the officer at the hearing. *See* Defendant's Reply Motion ECF #32 at 1. Notably, these statements are indeed wrong, meritless, and inconsistent with the evidence, testimony, and government filed oppositions/supplement motion in this matter.

First, in Footnote #1 of the government's Supplemental Motion ECF #31 at 1, the government stated the following:

> ***In a point for a complete record, the government incorporates by reference all previous filings, exhibits, arguments,***

---

[1] Because of the gross misrepresentations contained in the defendant's Reply Motion, undersigned counsel for the government **respectfully asks and prays** for this Court to accept the government's one-and-half page response contained herein.

1

***body-worn camera video clips, and testimony which it presented to the Court for its opposition to defendant's motion to suppress and testimony at the motion to suppress hearing.*** Nevertheless, to ensure that the Court have all the relevant government's exhibit, the government will note some of these exhibits herein in this instant Supplemental motion.

And in Footnote #8, of the government's Supplemental Brief *Id.* at 13 also noted that: [t]he defendant in his motion also supplements several other issues which the government avers has already been sufficiently and extensively addressed by the government. *See* ECF# 10-2

Second, the government has repeatedly, by filings and testimony, disputed defendant's false allegations that officers seized the defendant's vehicle. *See* Government Opposition ECF #10-2 at 5-11, and motions testimony and arguments.

Third, defense without reviewing the facts and the context of Officer Dabney's testimony claims he provided false testimony regarding the "trunk or toolbook" of the defendant's vehicle. As counsel for the defendant is acutely aware, Officer Dabney testified under oath regarding this issue and repeatedly testified on cross examination by defense counsel that:

> "Yes. But when [Officer Gaton] says "toolbox," he's referring to the officers that are now walking up on the scene with a toolbox that we use a seizing kit that was used to seize all the evidence on the scene. (7/11/2025 Tr. 162, *See also*, page 164).

> In addition, on redirect examination by undersigned counsel for the government, Officer Dabney testified extensively that: "[t]o my knowledge, that meaning of the toolbox, that's what we use the seizing kit and have used since 2016. And as you can see, during the recovery of the evidence, that red toolbox was brought in when the gun was recovered, when the narcotics was recovered, when the bag was recovered. That's our recovery asset tool that we use on the team. Q. So you heard something about a drill. What was your understanding about that, the one that was inside the car? A. That there was a power drill of some sort on the front passenger seat floor. Q. Now, as it relates to that officer stopping the defendant at any time, that officer had a body-worn camera on; is that right? A. That's correct. Q. And we've seen it was over 40 minutes long, correct? A. That's correct. Q. And no place in that -- no place in that extended

2

video is it. Did you see that officer have any contact on body-worn camera or on that day with this defendant? A. No. Q. Or any toolbox? A. No. Besides the one used for our seizing. Q. I'm sorry. I understand that's to open up the car? A. Yes. Q. If there was any contact with this defendant, with all the officers there, it would have been shown on somebody's body-worn camera? A. I believe that would be fair to say." (7/11/25 Tr. 166-167).

Therefore, based on Officer Dabney's complete testimony under oath and the record of this case, the government has not and did not ignore anything.

WHEREFORE, for all of the foregoing and previous reasons stated in this matter, the United States respectfully requests that the Defendant's Motion to Suppress Tangible Evidence be DENIED.

        Respectfully submitted,
        JEANINE FERRIS PIRRO
        UNITED STATES ATTORNEY

By:    */s/Emory V. Cole*
        Emory V. Cole
        PA. Bar #49136
        Assistant United States Attorney
        United States Attorney Office – D.C.
        601 D Street, N.W.
        Washington, D.C. 20530
        E-mail: Emory.Cole@usdoj.gov